UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. MICHAEL BALZARINI,<br><br>Petitioner,<br><br>v.<br><br>KAMALA D. HARRIS, et al.,<br><br>Respondents. | No.  2:14-cv-0986 CKD P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner alleges that he received constitutionally inadequate medical care while housed at California State Prison-Corcoran and Mule Creek State Prison.  (ECF No. 1.)  Petitioner has consented to this court's jurisdiction pursuant to 28 U.S.C. §636(c) and Local Rule 302.  (ECF No. 4.)

Petitioner's challenge to his conditions of confinement is properly the subject of an action brought pursuant to 42 U.S.C. § 1983.  As the United States Supreme Court has stated:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500

1

(1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. . . . Federal petitions for habeas corpus may be granted only after other avenues of relief have been exhausted. 28 U.S.C. § 2254(b)(1)(A). [Citation.] Prisoners suing under § 1983, in contrast, generally face a substantially lower gate, even with the requirement of the Prison Litigation Reform Act of 1995 that administrative opportunities be exhausted first. 42 U.S.C. § 1997e(a).

Muhammad v. Close, 540 U.S.749, 750-751 (2004) (per curiam).

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain from the petition and appended exhibits that petitioner is not entitled to federal habeas relief. Therefore, the petition will be summarily dismissed.[1]

In accordance with the above, IT IS HEREBY ORDERED that the petition is dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

Dated: May 15, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / balz0986.R4

---

[1] Petitioner may re-file the instant claims in an action pursuant to section 1983. Petitioner is advised that the statutory filing fee for such an action is $350.00. 28 U.S.C. §§ 1914(a), 1915(b)(1). A section 1983 inmate plaintiff proceeding in forma pauperis is obligated to pay this fee in monthly installments from his or her prison trust account.